UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

MICHAEL LEONARD,

    Plaintiff,

v.                                                                    Case No.: 17-cv-09259

DOUGLAS COLLINS, AS SECRETARY,
U.S. DEPARTMENT OF VETERANS AFFAIRS,[1]

    Defendant.

---

**DEFENDANT'S RULE 50(b) MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S CLAIM FOR COMPENSATORY DAMAGES**

---

       At the close of trial evidence, Defendant orally moved for judgment as a matter of law on Plaintiff's claim for compensatory damages, on the ground that Plaintiff failed to present the jury with any evidence to support such an award.[2] In response, Plaintiff's counsel could only point to a portion of Plaintiff's deposition transcript—which had been read to the jury pursuant to Federal Rule of Civil Procedure 32(a)(4)—where Plaintiff testified that he had accepted a minimum-wage

---

[1] Plaintiff filed his complaint in 2017, naming David Shulkin as the Defendant in his capacity as the then-United States Secretary of Veterans Affairs, pursuant to Federal Rule of Civil Procedure 17(d). Two other presidentially appointed secretaries have served in that capacity during this lawsuit's progression, Robert Wilkie and Denis McDonough. After trial, Douglas Collins assumed office as the United States Secretary of Veterans Affairs on February 5, 2025, automatically becoming the named defendant in this lawsuit by operation of Federal Rule of Civil Procedure 25(d). Defendant requests that the Court update the public docket accordingly.

[2] Defendant has also filed a motion *in limine* asking the Court to exclude evidence of all forms of damages alleged by Plaintiff, pursuant to Federal Rule of Civil Procedure 37(c)(1) and Plaintiff's failure to abide by his disclosure obligations under Federal Rule of Civil Procedure 26 and paragraph B.5 of the Court's Mandatory Initial Discovery Pilot Project. (Defendant's Motion *in Limine* No. 1, Dkt. 118). The Court deferred ruling on Defendant's motion *in limine* until after trial (Minute Order, Dkt. 127), and Defendant maintains its position that Plaintiff is precluded from introducing any evidence to support his claimed compensatory or equitable damages by operation of Federal Rule of Civil Procedure 37(c)(1).

1

position as a private security officer following his removal. The Court reserved its ruling on Defendant's Rule 50(a) motion, and the jury awarded Plaintiff $100,000.00 in compensatory damages on its verdict form.

Because the jury heard no evidence about Plaintiff's alleged compensatory damages, Defendant respectfully renews its motion for judgment as a mater of law on Plaintiff's compensatory damages claim pursuant to Federal Rule of Civil Procedure 50(b).

## LEGAL STANDARDS

Under Rule 50(a), "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim … that, under the controlling law, can be maintained … only with a favorable finding on that issue." FED. R. CIV. P. 50(a)(1). Where a court does not grant a Rule 50(a) motion, it is "considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion" and the court may "direct the entry of judgment as a matter of law." FED. R. CIV. P. 50(b).

Although a jury's determination of compensatory damages is entitled to deference, "the court must also ensure that the award is supported by competent evidence" and "review the record to determine whether plaintiff introduced evidence sufficient to support an award … for mental distress." *Ramsey v. American Air Filter Co.*, 772 F.2d 1303, 1313 (7th Cir. 1985); *see also Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219, 1229 (7th Cir. 1995) ("[W]e take seriously the responsibility of an appellate court to review the sufficiency of the evidence to support the award of damages …. Judges and juries must not be casual with other people's money."). While some emotional distress may appear possible and such damages may be difficult to quantity, neither consideration is sufficient to relieve a plaintiff from his burden to "actually prove that he suffers

from emotional distress and that the [defendant's conduct] caused that distress." *United States v. Balistrieri*, 981 F.2d 916, 931 (7th Cir. 1992) (citing *Carey v. Piphus*, 435 U.S. 247, 263–64 (1978)). Where a court can "identify no reasonable basis in the evidence for the jury's … damage award," the court must set the award aside and grant the defendant judgment as a matter of law. *Wasson v. Peabody Coal Co.*, 542 F.3d 1172, 1177 (7th Cir. 2008).

## ARGUMENT

Customarily, emotional distress damages are proven "by showing the nature and circumstances of the wrong and its affect on the plaintiff." *Carey v. Piphus*, 435 U.S. 247, 263–64 (1978). The plaintiff's own testimony, standing alone, may be sufficient to prove emotional distress damages but in such cases "he must reasonably and sufficiently explain the circumstances of his injury and not resort to mere conclusory statements." *Balistrieri*, 981 F.2d at 931–32 (*quoting Biggs v. Vill. of Dupo*, 892 F.2d 1298, 1304 (7th Cir. 1990)).

At trial in this case, Plaintiff introduced zero evidence to support his claim for compensatory damages. Plaintiff himself provided no testimony (whether live at trial or through the transcripts of his deposition or testimony at the MSPB hearing) about any mental suffering, humiliation, embarrassment, or pain that he might have allegedly sustained from Defendant's decision to remove him from his employment as a criminal investigator. Plaintiff did not present the jury with any testimony from friends, family members, medical providers, or other witnesses who could attest to any emotional distress or mental harm that Plaintiff might allege to have experienced. The only relevant testimony in the record before the jury came from Plaintiff's deposition, during which he acknowledged that he never sought any mental health treatment connected with his removal. (5.13.19 Leonard Dep. at 121:4–7.)

The non-existent record concerning Plaintiff's compensatory damages is even more bare than the one that the Seventh Circuit found insufficient in *Biggs v. Village of Dupo*, 892 F.2d 1298

3

(7th Cir. 1990). *Biggs* also involved a police-officer plaintiff, who alleged he had been fired in retaliation for comments he had made in a newspaper article that were critical of local politicians. *Id.* at 1300. After the jury awarded the plaintiff damages for his "mental suffering or emotional distress experienced as a result of the termination," the Seventh Circuit reviewed the record and found it "sparse," consisting primarily of the plaintiff's testimony about how "he was affected emotionally by being fired" and about how he was concerned about his family's experience of the situation. *Id.* at 1304. Although the Seventh Circuit acknowledged that "it can be hard to articulate emotional upset caused by treatment considered to be unfair," it reiterated that the plaintiff bears the burden to "reasonably and sufficiently explain the circumstances of his injury and not resort to mere conclusory statements" to provide the jury with a competent evidentiary basis for its award. *Id.* at 1305. Because the Seventh Circuit found the plaintiff's evidence on his emotional injuries lacking, it vacated the jury's damages award. *Id.*; *see also Price v. City of Charlotte*, 93 F.3d 1241, 1255–56 (4th Cir. 1996) (vacating award of compensatory damages to police-officer plaintiffs based on their failure to "show actual injury by sufficient evidence" and instead awarding nominal damages); *Forshee v. Waterloo Indus., Inc.*, 178 F.3d 527, 529–31 (8th Cir. 1999) (vacating award of emotional damages to a Title VII plaintiff on claim of wrongful termination because the plaintiff's testimony that she "went home and sat and cried about the rest of the day" was insufficient to establish an actual injury).

The complete lack of any evidence to support the jury's compensatory damages award differentiates this case from compensatory damages awards affirmed by the Seventh Circuit elsewhere. For example, the Seventh Circuit affirmed a remitted award of emotional distress damages in *Fleming v. Cnty. of Kane*, 898 F.2d 553, 561 (7th Cir. 1990), but it did so based on the trial testimony offered both by the plaintiff himself concerning the embarrassment, humiliation,

depression, headaches, and sleeplessness that he felt following his removal, as well as testimony from the plaintiff's personal physician, wife, and co-worker. *Id.* at 561. Nevertheless, the district court in *Fleming* still remitted the emotional distress damages awarded by the jury by two-thirds, down from $120,000.00 to $40,000.00. *Id.* at 555. Similarly, when the Seventh Circuit affirmed a jury's award of emotional distress damages in *Tullis v. Townley Eng'g & Mfg. Co.*, 243 F.3d 1058, (7th Cir. 2001), it did so based on the plaintiff's testimony about how he felt "degraded," "useless," and "back-stabbed" after his termination and was reduced to borrowing money from friends or relatives to stay afloat, causing him to fall behind on his child-support obligations. *Id.* at 1068. In contrast, the jury in this case heard no testimony about anything of the sort.

Instead, during closing arguments, Plaintiff's attorneys openly invited jurors to put themselves in Plaintiff's shoes and imagine the humiliation that Plaintiff must have felt in losing his career as a criminal investigator and in accepting night-shift work as a private security guard paid only $12.15 per hour. This type of "Golden Rule" argument from counsel was inappropriate on its face and has been "universally condemned by the courts." *Joan W. v. City of Chicago*, 771 F.2d 1020, 1022 (7th Cir. 1985); *see also Ewing v. 1645 W. Farragut LLC*, 90 F. 4th 876, 890–91 (7th Cir. 2024) ("Of course, an appeal to the jury to imagine itself in the plaintiff's position is impermissible.") (cleaned up). Moreover, counsel's emotional appeal and suggestion that the VA should be held to account is punitive in nature and not in any way tied to actual, remedial relief. Yet punitive damages are not available in Title VII actions against federal agencies. *See* 42 U.S.C. § 1981a(b)(1); *Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir. 1997) ("Congress, in enacting section 1981a, exempted all government agencies from [Title VII]'s punitive damage provision, with no articulated exceptions.").

5

Substantively, the argument from Plaintiff's counsel was legally insufficient to establish compensatory damages. *See Forshee*, 178 F.3d at 531 (holding that plaintiff's testimony that she was "forced to take a job at lower pay and work two jobs" was insufficient to support the jury's award of emotional distress damages).[3] Juries are not free to rely on speculation and conjecture in determining a plaintiff's damages. *See Firestone Fin. LLC v. Meyer*, 881 F.3d 545, 550 (7th Cir. 2018).[4] As the Supreme Court explained in *Carey*, although mental and emotional injuries are "essentially subjective," plaintiffs can prove them "by one's conduct" and the observations of others, and "an award of damages must be supported by competent evidence concerning the injury." 435 U.S. at 264, n.20. Applying this standard, the Seventh Circuit has held that "[a] single statement by a party that he was 'depressed,' 'a little despondent,' or even 'completely humiliated' … is not enough to establish injury even when the statement is considered along with the facts of th[e] case." *Nekolny v. Painter*, 653 F.2d 1164, 1172–73 (7th Cir. 1981). But the jury in this case did not even have that level of evidence before it. The record was completely bare when it came to Plaintiff's alleged emotional distress.

---

[3] To the extent that the jury's award was based on Plaintiff taking minimum-wage employment after termination, it also raises the prospect of overlapping remedies should the Court decide to award back pay. Title VII's remedial scheme is designed to make a plaintiff whole, and "[t]he law abhors duplicative recoveries." *Collins v. Kibort*, 143 F.3d 331, 339–40 (7th Cir. 1998) (vacating district court's back-pay judgment where there was a strong likelihood that jury's compensatory damages award included a back-pay component) (citation omitted).

[4] The Court in this case expressly instructed the jury that it could not speculate when formulating its compensatory damages award. (Jury Instructions, Dkt. 139 at 17, modeled on Fed. Civ. Jury Instr. 7th Cir. 3.10 ("You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct. Your award must be based on evidence and not speculation or guesswork."); *see also* Jury Instructions, Dkt. 139 at 7, modeled on Fed. Civ. Jury Instr. 7th Cir. 1.06 (noting that questions, objections, comments, statements, and arguments by lawyers "are not evidence").) The jury appears not to have heeded this instruction, however, and its award must be set aside. *See Arroyo v. Volvo Grp. N. Am.*, No. 12-cv-6859, 2019 WL 4749869, at *15 (N.D. Ill. Sept. 30, 2019) (vacating jury's award of $2.6 million in compensatory damages due to lack of evidence, despite the court having instructed the jury not to speculate).

Given the complete lack of evidence, the jury's $100,000.00 award cannot stand. *See EEOC v. Flambeau, Inc.*, 846 F.3d 941, 946–47 (7th Cir. 2017) (holding that plaintiff's testimony that his "kids didn't know what's going on" and that he "couldn't go to the doctor and stuff like that" did "not even reach the level of conclusory statements of emotional distress" and was "insufficient to show he could be entitled to such damages"). Even if Plaintiff identifies some non-obvious, thin reed on which to premise his opposition to this motion, a six-figure damage award is grossly excessive given the dearth of evidence, and the Court must (at a bare minimum) significantly reduce the $100,000.00 awarded by the jury. *See Marion Cnty. Coroner's Office v. EEOC*, 612 F.3d 924, 930–31 (7th Cir. 2010) (reducing $200,000.00 emotional distress damages award to $20,000 in wrongful termination case, despite the plaintiff's testimony about attending weekly therapy for depression); *see also Avitia*, 49 F.3d at 1229–30 (reducing $21,000 award for emotional distress in half in order "to keep the award of these damages within the limits of the rational," despite the plaintiff's trial testimony about such damages); *Ramsey*, 772 F.2d at 1313–14 (reducing award of compensatory damages from $75,000 to $35,000 based on the "paucity of references to any emotional harm that plaintiff suffered as a result of defendant's discrimination").

## CONCLUSION

For these reasons, Defendant respectfully requests that the Court grant its Rule 50(b) for judgment as a matter of law and vacate the jury's award of $100,000.00 in compensatory damages.

Dated at Milwaukee, Wisconsin this this 26th day of February, 2025.

Respectfully submitted,

RICHARD G. FROHLING
Acting United States Attorney

By: *s/ Aaron R. Wegrzyn*

7

8

                    AARON R. WEGRZYN
                    Assistant United States Attorney
                    State Bar No. 1094262

                    LUKE P. SINCLAIR
                    Assistant United States Attorney
                    State Bar No. 1087786

                    Office of the United States Attorney
                    Eastern District of Wisconsin
                    517 East Wisconsin Avenue, Rm. 530
                    Milwaukee, WI  53202
                    (414) 297-1700
                    Fax: (414) 297-4394
                    aaron.wegrzyn@usdoj.gov
                    luke.sinclair@usdoj.gov